*In re* CUSTODY OF CHARITY MORGAN WALTERS (Kimberly Bell Hanford, Petitioner-Appellant, v. Mary Walters, Respondent-Appellee (Frank Wilhite, Respondent)).

Third District   No. 3—88—0003

Opinion filed September 30, 1988.

Ronald E. Boyer, of Watseka, for appellant.

Gordon Lustfeldt, of Watseka, for appellee.

JUSTICE BARRY delivered the opinion of the court:

Petitioner, Kimberly Bell Hanford, appeals from judgment entered by the circuit court of Iroquois County denying her petition for custody of her minor daughter, Charity Morgan Walters. Charity has been in the physical custody of her maternal grandmother, respondent Mary Walters, since infancy. In 1979, when Charity was two years old, a decree was entered by the circuit court of Benton County, Indiana, granting custody to Mrs. Walters as prayed for in her uncontested petition. Petitioner brought this action in August 1986, alleging a substantial change in her own living arrangements and praying for a modification of custody pursuant to sections 601 and 4 of the Illinois Marriage and Dissolution of Marriage Act (Act) and the Uniform Child Custody Jurisdiction Act, respectively (Ill. Rev. Stat. 1985, ch.

40, pars. 601, 2104). The matter was tried in March 1987, at which point counsel for petitioner took the position that the provisions for modification of custody under the Act (Ill. Rev. Stat. 1985, ch. 40, par. 610) did not apply because the Indiana decree was not entered as a result of dissolution proceedings. The trial judge ultimately recited that he believed that section 610 applied and that the petitioner, having invoked the Act in her pleadings, could not claim otherwise, and that, "even assuming the burden to be on defendant to present evidence overcoming the presumption raised by the 'Natural Right Doctrine,' the evidence overwhelmingly supports the continued custody in defendant."

In this appeal, petitioner contends that the trial court improperly held her to the burden of proving by clear and convincing evidence that a modification of a prior custody order was in the child's best interests and that the trial court's determination that continued custody in defendant was in the child's best interests was contrary to the manifest weight of the evidence. For reasons that follow, we affirm.

Petitioner relies primarily on *In re Custody of Townsend* (1981), 86 Ill. 2d 502, 427 N.E.2d 1231, as support for her position that the trial court should have placed the burden upon respondent to establish good cause to overcome the presumption that petitioner, as the natural parent, had a superior right to the custody of her daughter. We have reviewed *Townsend*, as well as numerous cases cited by respondent, and find that petitioner's point is well taken. But our determination on this issue does not mandate prolonging this litigation.

In *Townsend*, as here, the minor child (Christy) was born to parents who were not married to each other. There, the natural mother (Dorothy Salmons) was incarcerated for the murder of the wife of Christy's natural father (Townsend) when Christy was two years old. At the time, Christy was in the physical custody of her half-sister (Brenda Poling). Townsend immediately brought suit seeking custody of his daughter. Brenda resisted the petition and counterpetitioned for custody. The trial court ruled that the parties had equal burdens to prove that the child's best interests would be served by granting custody to them. The court found both petitioners fit and held that it was in the child's best interests to award custody to Poling. This determination was reversed by a divided court on review, the majority holding that Brenda had failed to show a "compelling reason why custody should not be placed with the natural parent." (*In re Custody of Townsend* (1980), 90 Ill. App. 3d 292, 413 N.E.2d 428, 431.) The appellate court's decision was, in turn, reversed by a divided supreme court. The court declared that a third-party petitioner (Brenda) has

the burden "to establish good cause or reason to overcome the presumption that *** the natural [parent] had the first and superior right to the custody of his [child]." (86 Ill. 2d at 515, 427 N.E.2d at 1238.) The trial court had erred in failing to give the natural parent's first and superior right to custody of his daughter appropriate consideration. The court further noted that remand was necessary for consideration of subsequent extenuating circumstances—namely the respective marriages of Dorothy, Brenda and Townsend—during the pendency of the cause on review. Whether the child would be welcomed into her new stepmother's home was an important question to be factored into the ultimate custody determination. 86 Ill. 2d at 515-16, 427 N.E.2d at 1238.

■ The *Townsend* court acknowledged that guidelines for determining custody in a situation involving neither adoption, nor a dissolution of marriage, nor an intervention by the State nor the death of a parent must nonetheless be gleaned from statutory provisions applicable to those situations. The court found particularly instructive the court's discussion in *People ex rel. Edwards v. Livingston* (1969), 42 Ill. 2d 201, 247 N.E.2d 417. There, the natural parent's "superior right" was presumed as against a third party seeking to obtain or retain custody and could be overcome only for good cause or reason; and, further, the third party "must show that it was in the child's best interests that the third person be awarded the care, custody and control of the minor." (42 Ill. 2d 201, 247 N.E.2d 417.) Although the natural parent's unfitness was not established, the circumstances demonstrated little if any communication with the child for the better part of 12 years. During that time, the child had lived with his grandfather where he found affection, understanding, guidance, security and a generally wholesome atmosphere. The child appeared to be happy and well-adjusted in his grandfather's home. On these facts, the *Livingston* court found that the grandfather had demonstrated good cause or reason sufficient to overcome the presumption favoring the natural father and to support the conclusion that the grandfather should be retained as the child's custodian. 42 Ill. 2d at 210-11, 247 N.E.2d at 422.

■ While *Townsend* did not involve a prior custody decree, foreign or otherwise, we find the court's reasoning no less persuasive for our purposes today. Whether the third party—here, Mrs. Walters—had prior custody as a result of legal or extrajudicial circumstances should not affect the presumption that a natural parent enjoys a superior right to the custody, care and control of her child. Rather, the fact of actual or legal custody is a factor to be weighed in determining the

best interests of the child. In this case, Mrs. Walters has had custody of the minor, Charity, for more than 10 years of her life. Charity is an integral part of Mrs. Walters' family. She does well in school and is apparently well-adjusted. Mrs. Walters enjoys steady employment and has taken responsibility for Charity's day-to-day care and her emotional, educational and financial well-being for most of her life. These factors weigh in favor of a determination that it is in Charity's best interests to retain Mrs. Walters as the child's custodian.

The facts further demonstrate good cause or reason to overcome the presumption favoring the award of custody to petitioner. Prior to the institution of these proceedings, petitioner demonstrated only occasional interest in her daughter. She has declined Mrs. Walters' liberal invitations to visit Charity and refused to give Mrs. Walters her unlisted telephone number. Petitioner has two other children by two men other than Charity's father, and at the time of the trial of this cause she anticipated marrying a man who was the father of none of her children. Petitioner's fiance suffers from physical and mental impairments. Neither petitioner nor her fiance was employed. There was evidence of inappropriate disciplinary methods employed by both petitioner and her fiance. Testimony about petitioner's current situation demonstrated only that she looked forward to stability in her home life and could expect an increase in her public assistance if Charity lived with her, but it failed to show that Charity could expect the kind of love, affection, guidance and stability that she currently has with her grandmother.

As stated by the *Townsend* court, the presumption that the right of a natural parent is superior to the claim of a third person is not absolute. It is a factor used by the courts to resolve the controlling question of where the best interests of the child lie. (86 Ill. 2d at 510-11, 427 N.E.2d at 1234.) Nor is it necessary to demonstrate that the natural parent is unfit before awarding custody to another person. Even though the trial judge in this case stated that he believed the standard applicable to a change in custody was "clear and convincing evidence *** that a change has occurred in the circumstances of the child or his custodian" (see Ill. Rev. Stat. 1985, ch. 40, par. 610(b)), he specifically found that the evidence was also sufficient to overcome the presumption that petitioner's right to custody of her daughter was superior to that of respondent and that Charity's best interests would be served by retaining custody in Mrs. Walters. In essence, the trial court applied both the incorrect statutory standard for custody modifications in dissolution cases and the correct standard as pronounced in *Townsend* and found that the result in either event was

that custody should remain with respondent.

Having reviewed the evidence of record, we are convinced that the trial court's conclusion was correct. The evidence here presented a much stronger case for retaining custody in a third party than was the case in *Townsend*. We find the facts here much closer to those in *Livingston*, cited with approval by the court in *Townsend*. Moreover, unlike the facts in *Townsend*, the record before us here establishes that the trial court did consider the appropriate burden of proof. The trial court's erroneous belief that the standard in section 610(b) applied requires neither reversal nor remand where the evidence supports the conclusion that it is in the child's best interests to retain the grandmother as custodian when the proper standard is applied.

The judgment of the circuit court is affirmed.

Affirmed.

STOUDER, P.J., and SCOTT, J., concur.